Mabrey Estes

    v.

Norton Redevelopment
& Housing Authority

September 28, 1988

Case No. L88-174

By JUDGE JAMES C. ROBERSON

The Court has considered the pleadings, briefs, and argument of counsel and makes the following ruling on the demurrer filed by counsel for the defendant.

The plaintiff tenant, Mabrey Estes, by her attorney, Donald E. Earls, filed a motion for judgment against the defendant landlord, Norton Redevelopment and Housing Authority, seeking money damages, for physical injuries, pain and emotional distress allegedly sustained by the tenant as a direct and proximate result of the landlord's negligence in failing to provide the tenant a safe place to live. The plaintiff alleged she was assaulted and an attempted rape perpetrated upon her by a known adult male intruder who was not a lawful tenant of the landlord.

The defendant, Norton Redevelopment and Housing Authority, filed a demurrer contending that the facts alleged in the motion for judgment were not sufficient at law to support a cause of action under the law of Virginia.

In *Klingbeil Management Group Company, et al. v. Vito*, 233 Va. 445, 447, 357 S.E.2d 200 (1987), the Supreme Court of Virginia resolves the issue that a landlord is not liable to a tenant for the criminal conduct of a third party. In that case the plaintiff was raped in

her apartment and sued the owners of the apartment for negligence in failing to maintain proper security procedures, adequate exterior lighting and proper locks on the door. The Court stated at page 447:

> Traditionally, a landlord owes the duty to his tenants to exercise ordinary care to maintain areas over which he has control in a reasonably safe condition, rather than the duty to act as a policeman. In other words, "as a general rule, a landlord does not owe a duty to protect his tenant from a criminal act by a third person." *Gulf Reston, Inc.* v. *Rogers*, supra, at page 157. In *Gulf Reston*, we adopted the restatement view that a person owes no duty to control the conduct of a third person in order to prevent physical harm to another unless a "special relationship" exists giving rise to a right of protection. (Citation omitted). Examples of such a special relationship include common carrier-passenger, business proprietor-invitee, and innkeeper-guest. In *Gulf Reston*, we decided that no special relationship existed between the landlord and tenant in that case which would give rise to a duty on the landlord to protect the tenant from the intentional criminal act committed by an unknown third person. (Citation omitted). We adhere to that ruling in this case and hold there was no such common law duty on this landlord. 233 Va. at page 447.

In *Gulf Reston, Inc.* v. *Rogers, Executrix, etc.*, 215 Va. 155, 207 S.E.2d 841 (1974), the plaintiff's decedent died of a heart attack resulting from a criminal incident by trespassers who threw paint on a tenant. The Supreme Court stated at page 157:

> A landlord owes the duty to his tenants to exercise ordinary care and diligence to maintain in a reasonably safe condition areas over which he has control. However, a landlord is not an insurer of his tenant's safety. (Cita-

tion omitted). Traditionally, the obligation of the landlord is associated with maintaining the areas over which he has control in good repair and free of latent defects, rather than the duty to police.

As a general rule, a landlord does not owe a duty to protect his tenant from a criminal act by a third person. (Citation omitted). 215 Va. at page 157.

The Court further stated:

Since no special relationship existed between Gulf Reston and Rogers, Gulf Reston was under no duty to protect Rogers from an intentional criminal act committed by an unknown third person. Although some risk of injury was involved, this did not impose a duty on Gulf Reston. To hold otherwise under the circumstances of this case would make the landlord an insurer of his tenant's safety. 215 Va. at page 159.

In *Wright* v. *Webb*, 234 Va. 527, 362 S.E.2d 919 (1987), the plaintiff sued the motel owner for negligently failing to provide protection from a criminal attack after she was criminally assaulted in the defendant's parking lot. The Virginia Supreme Court refused to hold the motel owner liable while equating the duty of a business invitor to that of a landlord. Prior acts of assault on and about the premises of the business invitor did not give rise to a duty upon the business invitor to protect the invitee. The Court indicated at page 535:

We hold that a business invitor, whose method of business does not attract or provide a climate for assaultive crimes, does not have a duty to take measures to protect an invitee against criminal assault unless he knows that criminal assaults against persons are occurring, or are about to occur, on the premises which indicate an *imminent probability* of harm to

an *invitee*. (Emphasis added). 234 Va. at page 535.

In the plaintiff's motion for judgment she alleges that the defendant, Norton Redevelopment and Housing Authority, had knowledge, or should have known, of the assailant's prior criminal activity and his presence on the premises which allegedly imposed a duty on the Housing Authority to protect the tenant from assault by a potential assailant. The Virginia Supreme Court is unwilling to impose such a duty upon a landlord.

The plaintiff's further contention that the defendant, Housing Authority's, violation of the Residential Landlord Tenant Act (by using locks that can be opened by keys from other apartments), imposes duties upon the landlord and establishes a special relationship, is not supported by the Virginia cases cited. The Fourth Circuit Court of Appeals in interpreting Virginia law in *Deem* v. *Charles E. Smith Management, Inc.*, 799 F. 2d 944 (4th Cir. 1986), specifically rejects a tenant's effort to establish liability on a landlord for a criminal assault resulting from a violation of the Residential Landlord Tenant, Act (Va. Code § 55-248.2 et seq.).

Under Virginia law a landlord does not owe a duty to his tenant to protect the tenant from the criminal acts of a third party unless a special relationship exists between the landlord and tenant that would give rise to a right of protection. A landlord does not have a duty to protect a tenant against criminal assault unless he knows that criminal assaults are occurring or are about to occur on the premise which indicate an imminent probability of harm to the tenant.

The plaintiff's motion for judgment does not allege a special relationship between the landlord and tenant. The plaintiff's motion for judgment does not allege that the landlord, knew or should have known, that criminal assaults against tenants were occurring or about to occur on the premises which indicated an imminent probability of harm to the tenant. Accordingly the allegations in the plaintiff's motion for judgment are insufficient as a matter of law.

The Court finds that the motion for judgment filed by the plaintiff is not sufficient at law because the

pleadings do not state a cause of action and such pleadings fail to state facts upon which the relief demanded and damages sought can be granted to the plaintiff against the defendants.

Accordingly the Court sustains the demurrer of the defendant and will dismiss the plaintiff's motion for judgment unless amended. The plaintiff is granted leave to amend her pleadings within twenty-one days from the entry of the order sustaining the demurrer, if she is so inclined.