## CIRCUIT COURT OF WISE COUNTY

Lester Taylor Cantrell

v.

Norton Redevelopment
and Housing Authority

January 31, 1996

Case No. L95-222

BY JUDGE FORD C. QUILLEN

The Virginia courts have long maintained the general rule that a landlord did not have a duty to protect its tenants from a criminal act by a third party. This principal of law prevails in Virginia unless a special relationship can be established. See *Gulf Reston, Inc. v. Rogers*, 215 Va. 155 (1974).

The special relationship doctrine deals with Section 315 of the Restatement of Torts (Second) which states as recited on page 5 of defendant's reply brief dated December 5, 1995:

> There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless: (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or (b) a special relation exists between the actor and the other which gives to the other a right of protection.

The Court in this particular case finds that Section (a) would have no application and that in regard to Section (b), Virginia gives only narrow application to this principle.

The allegations of the special relationship in the plaintiff's Motion for Judgment are (1) the defendant's station as a public housing authority, (2) the presence of elderly and handicapped tenants, (3) lease provision containing language to keep the premises safe, and (4) the existence of a security system.

The Court finds as a matter of law that none of the above allegations creates a special relationship under Section (b) of the Restatement of Torts amounting to a duty. The Virginia courts have taken a narrow view as to when the duty arises to give a right of protection, as provided in Section (b). See the case of *Wright v. Webb*, 234 Va. 527 (1987), in which the court stated that the owner must know that criminal assaults are occurring or about to occur before any liability would exist. See also the case of *Deem v. Charles E. Smith Management, Inc.*, 799 F.2d 944 (4th Cir. 1986). In this case, the definition of any obligation in the Landlord-Tenant Act or other agreement meant a "safe premise physically," not a duty to protect an individual from crime. Also, in this case, there was the allegation that the defendant knew of earlier occurrences. The court further acknowledged that this created no duty on the part of the landlord.

The plaintiff relies upon the Wise County Circuit Court case of *Mabrey Estes v. Norton Redevel. & Housing Auth.*[1] The facts of that case were entirely different from the case at bar. In the present case, the assailants were not occupants of the Housing Authority and had no special relationship with the Housing Authority. In *Mabrey*, the assailant was an occupant of the Housing Authority and had been previously an occupant of the Housing Authority at a different location, at which time he committed violent acts and was expelled from the premises because of those acts. This assailant later became an occupant a second time, which occupancy was known by the Housing Authority or should have been known. Certainly, this knowledge would lead this Court to believe that a special relationship would exist at that time between the assailant and third persons and other occupants of the Authority, which would impose a duty upon the Housing Authority to control the assailant's conduct as provided in Section (a) of the Restatement.

In the present case, these persons were not occupants and were actually trespassers, and Section (b) would not apply because, as the Court previously said, the allegations of the special relationship enumerated would not apply.

The Court further finds that there is no contractual obligation between the Housing Authority and the plaintiff which would create a duty.

In light of the Court's ruling sustaining the demurrer, it is not necessary for the Court to decide the issue of sovereign immunity.

---

[1] A preliminary ruling in this case is reported at 16 Va. Cir. 17 (1988). [Reporter's Note]